UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM HAZEL, :
        Petitioner :
    vs. : CIVIL NO. 1:CV-17-0297
:
WARDEN RUSSELL PERDUE, : (Judge Caldwell)
:
        Respondent :
:

*M E M O R A N D U M*

I. *Introduction*

      The pro se petitioner, William Hazel, while he was housed at the Schuylkill Federal Correctional Institution, in Minersville, Pennsylvania, filed this petition for a writ of habeas corpus, cognizable under 28 U.S.C. § 2241.[1] Hazel is challenging his 1993 convictions in the United States District Court for the Eastern District of Virginia for possession, distribution, and conspiracy to distribute heroin and cocaine. Petitioner received a sentence of life imprisonment, which was later reduced to an aggregate term of 405 months.

      Hazel claims his conviction and sentence are unconstitutional because the drug quantity that contributed to his sentence was not charged in the indictment nor submitted to the jury. In support, he relies on the following Supreme Court cases that were decided after his conviction: *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Alleyne v. United States,* ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d

---

[1] Hazel is presently housed at FCI-Fort Dix in Fort Dix, New Jersey.

314 (2013); and *Burrage v. United States*, ___ U.S. ___, 134 S.Ct. 881, 187 L.Ed.3d 715 (2014). (ECF No. 1, p. 7).

Following our preliminary review of the Petition, it will be dismissed without prejudice for lack of jurisdiction.[2]

II. *Background*

In September 1991, Hazel and four codefendants were named "in a fifty-count indictment that charged conspiracy and various substantive counts of distribution of heroin, cocaine, and cocaine base in violation of 21 U.S.C. §§ 846, 841 and 18 U.S.C. § 1952." *United States v. Hazel*, 1994 WL 642198 at *1 (4th Cir. 1994) (unpublished disposition). After a jury trial, Hazel was convicted on eleven counts, including the conspiracy count. (Doc. 1, 2241 petition at p. 3). He took a direct appeal to the United States Court of Appeals for the Fourth Circuit, which affirmed the conviction and sentence. *Hazel*, *supra*. The Supreme Court denied certiorari. *See Hazel v. United States*, 514 U.S. 1087, 115 S.Ct. 1804, 131 L.3d.2d 729 (1995).

In 2001, Hazel filed a motion in the sentencing court to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. "In that motion, Hazel argued that, inter alia, the Court should grant him relief because the jury failed to find the precise amount of drugs

---

[2] Rule 4 of the Rules Governing 2254 Cases in the United States District Courts provide that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See also Lonchar v. Thomas*, 517 U.S. 314, 320, 116 S.Ct. 1293, 1297, 134 L.Ed.2d 440 (1996) (discussing Rule 4). Rule 1(b) of those Rules gives this court the authority to apply the rules to other habeas corpus cases. *See Brennan v. United States*, 646 F. App'x 662, 665 n.5 (10th Cir. 2016)(nonprecedential).

attributable to him." *United States v. Hazel,* No. 92-CR-163, 2014 WL 1089736, at *1 n.1 (E.D. Va. Mar. 19, 2014). The trial court denied the motion. *Id.*, 2014 WL 1089736, at *1. The Fourth Circuit denied Hazel's request for a certificate of appealability. *See United States v. Hazel*, 57 F. App'x 205 (4th Cir. 2003)(nonprecedential). In 2006, the Fourth Circuit also affirmed the sentencing court's dismissal of a § 2241 petition for lack of jurisdiction. *United States v. Hazel*, 204 F. App'x 256, 257 (4th Cir. 2006) (nonprecedential).

In 2007, Hazel filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this court, challenging his conviction on the basis that the drug quantity that contributed to his sentence was not charged in the indictment or submitted to the jury. *Hazel v. Williamson*, No. 07-CV-0569, 2007 WL 1959303 (M.D. Pa. 2007)(Caldwell, J.). That petition was based on cases decided by the United States Supreme Court after his conviction: *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We denied the petition for lack of jurisdiction as he failed to demonstrate that a remedy by way of a Section 2255 motion was inadequate or ineffective to test the legality of his detention. *Hazel*, 2007 WL 1959303, at *1.

In 2013, Hazel filed a Rule 60(b) motion with the sentencing court, seeking to reopen his § 2255 motion. *United States v. Hazel*, No. 92-CR-163 (E.D. Va. Oct. 9, 2013)(ECF No. 90). In March 2014, the court construed the motion as a second or successive motion for relief pursuant to 28 U.S.C. § 2255 and dismissed it for lack of

jurisdiction. *United States v. Hazel*, No. 92-CR-163, 2014 WL 1089736, at *2 (E.D. Va. Mar. 19, 2014). In 2015, the Fourth Circuit affirmed. *United States v. Hazel*, 618 F. App'x 756, 757 (4th Cir. 2015)(nonprecedential).

In 2016, Hazel filed a motion under 28 U.S.C. § 2244 for an order authorizing the sentencing court to consider a second or successive application for relief under § 2255. *Hazel v. United States*, C.A. No. 16-3114, ECF No. 2 (4th Cir.). His motion was based on new case law previously unavailable. (*Id.*, p. 4). Specifically Hazel relied upon the Supreme Court's decisions in *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) and *Peugh v. United States*, ___ U.S. ___, 133 S.Ct. 2072, 186 L.Ed.2d 84 (2013). (*Id.*, ECF No. 2-2, Memorandum in Supp. of Pet.) On November 28, 2016, the Fourth Circuit denied the motion. *In re: William A. Hazel*, *a/k/a Beanie*, No. 16-3114 (4th Cir. Nov. 28, 2016) (slip op.)

On November 21, 2016, Petitioner filed a second § 2255 motion with the sentencing court. *United States v. Hazel*, No. 92-CR-163 (E.D. Va. Nov. 21, 2016)(ECF No. 131). On December 7, 2016, the court denied the motion as a successive, unauthorized § 2255 motion. *United States v. Hazel*, (*Id.*, ECF No. 134).

On January 26, 2017, Hazel filed his current § 2241 petition and supporting memorandum. (ECF Nos. 1 and 2). As noted, Hazel challenges his conviction and sentence because he was sentenced under 21 U.S.C. § 841(b)(1)(A) where neither the indictment, nor the jury, specified the quantity of drugs attributed to him in the drug conspiracy. In support, Hazel relies upon the following Supreme Court cases that were

-4-

decided after his conviction: *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Alleyne v. United States,* ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013); and *Burrage v. United States*, ___ U.S. ___, 134 S.Ct. 881, 187 L.Ed.3d 715 (2014). (ECF No. 1, p. 7). He also claims his sentence violates his rights to equal protection and due process.

III.     *Discussion*

Ordinarily, a prisoner may challenge his federal conviction or sentence only by means of a § 2255 motion brought before the sentencing court, and this remedy typically supersedes the writ of habeas corpus. *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (a motion filed pursuant to § 2255 is the presumptive means for challenging a federal conviction). A habeas petition raising such a challenge under § 2241 may not be entertained unless a § 2255 motion would be "inadequate or ineffective" to test the legality of the petitioner's detention. *See* 28 U.S.C. § 2255(e); *Gardner v. Warden Lewisburg USP*, 845 F.3d 99, 102 (3d Cir. 2017).

In considering what it means to be "inadequate or ineffective," the Third Circuit has stated that a federal prisoner should be permitted to seek relief under § 2241 "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). Such situations are rare. For example, such a situation exists when a prisoner is in the unusual position of having no earlier opportunity to challenge his conviction or "is

-5-

being detained on conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision" is Section 2255 "ineffective" for purposes of providing collateral relief. *See Okereke*, 307 F.3d at 120 (citing *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997)).

"Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Cradle,* 290 F.3d at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538 (citation omitted). Section 2255(e), the safety-valve clause, "exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539.

Petitioner's claim does not fall within the narrow exception authorized by the safety valve so that he can raise the claim in the instant § 2241 petition. Hazel argues that § 2255 is "inadequate or ineffective" to test the legality of his detention because "he was denied access [to § 2255 relief] by the gatekeeper" when the sentencing court dismissed his Rule 60(b) motion by finding it to be a second or successive § 2255 and when the Fourth Circuit more recently denied his request to file a second § 2255. This argument does not demonstrate that § 2255 is inadequate or ineffective. *Dorsainvil,* 119 F.3d at 251.

Hazel argues, relying on *Apprendi*, *Alleyne* and *Burrage*, that the sentencing court erred in attributing to him a drug quantity for his involvement in the conspiracy offense that was not pled in the indictment or found by a jury. None of these cases decriminalizes

the conduct that supports Hazel's conviction and so does not bring Petitioner's case within the *Dorsainvil* exception.

Further, the Third Circuit has held that *Apprendi* and *Alleyne* claims cannot be raised in a § 2241 petition because they deal with sentencing issues. *Gardner*, 845 F.3d at 103 ("issues that might arise during sentencing [do] not make § 2255 inadequate or ineffective"). "Both cases regulate sentencing procedure and neither makes previously criminal conduct noncriminal." *Id.* at 102.[3] *See also Rodriguez v. Warden Lewisburg USP*, 645 F. App'x 110, 112 (3d Cir. 2016)(nonprecedential)(refusing to extend *Dorsainvil* exception to sentencing challenge under *Alleyne*). Thus Hazel's *Alleyne* and *Apprendi* claims cannot be raised in a § 2241 petition.

The same logic applies to Hazel's reliance on *Burrage*. The Third Circuit has noted that *Burrage* is an extension of the *Apprendi* and *Alleyne* decisions. *Gardner*, 845 F.3d at 101 ("In *Alleyne*, the Supreme Court mirrored its opinion in *Apprendi*, and held that '[a]ny fact that, by law, increases the [mandatory minimum] penalty for crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt.' *Burrage* confirmed this rule by applying it to a specific penalty enhancement.") (internal citations omitted). Thus Hazel may not resort to a § 2241 petition to raise a *Burrage* claim. *See*

---

[3] *Alleyne* is an extension of *Apprendi* with respect to facts that affect mandatory minimums for criminal sentences. In *Apprendi*, the Supreme Court held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. at 490, 120 S.Ct. at 2362-63.

also *Rodriguez*, 645 F. App'x at 113 (*Burrage* is an *Apprendi*-based argument that cannot be brought in a § 2241 petition).

IV.     *Conclusion*

Based on the foregoing, the court lacks jurisdiction to consider the habeas petition.  Therefore, the Petition (ECF No. 1) will be dismissed.  An appropriate order follows.


                                                /s/ William W. Caldwell
                                                William W. Caldwell
                                                United States District Judge

Date:  May 22, 2017